[Cite as *Miller v. Mangan*, 2014-Ohio-2146.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kevin Miller, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 13AP-813 |
| | | (C.P.C. No. 11CVC-01-1004) |
| Patrick S. Mangan, Administrator of the Estate of Arthur S. Vogle, Deceased et al., | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

## D E C I S I O N

### Rendered on May 20, 2014

*Malek & Malek*, and *James Malek*, for appellant.

*Gallagher, Gams, Pryor, Tallan & Littrell, LLP, Belinda S. Barnes* and *Benjamin W. Wright*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Kevin Miller is once again appealing from the granting of summary judgment in his civil suit against the driver of a motor vehicle which hit him on January 24, 2009. *See Miller v. Mangan*, 10th Dist. No. 12AP-616, 2013-Ohio-2659 (summary judgment not warranted when moving party failed to file deposition transcript). Three errors have been assigned for our consideration:

> [I.] Whether the trial court erred in granting Defendant-Appellee's Motion for Summary Judgment where genuine issues of material fact existed.
>
> [II.] Whether the trial court erred when it overruled the Plaintiff's Motion for Summary Judgment.

> **[III.]** Whether the trial court erred when it refused to consider the Affidavit of Plaintiff-Appellant in deciding the Defendant-Appellee's Motion for Summary Judgment.

{¶ 2} The following facts are from Miller's affidavit and deposition. Miller was operating a go-cart after dark in a residential neighborhood. Miller's go-cart was not equipped with any lights. Arthur Vogle, who is now deceased, apparently did not see Miller before Vogle's small truck struck Miller's go-cart. The head lamps of Vogle's vehicle were lit. Vogle was eastbound on Stockbridge Road and had stopped his truck at the intersection of Stockbridge Road and Hull Road. There were no traffic lights or stop signs at the intersection. Miller was westbound on Stockbridge Road. Miller did not stop at the intersection, and he did not see a turn signal activated on Vogel's vehicle. Vogle started a left turn and according to Miller "cut the corner" and struck the go-cart in the westbound lane of travel near the curb.

{¶ 3} Under R.C. 2315.33 "[t]he contributory fault of a person does not bar the person as plaintiff from recovering damages that have directly and proximately resulted from the tortious conduct of one or more other persons, if the contributory fault of the plaintiff was not greater than the combined tortious conduct of all other persons from whom the plaintiff seeks recovery." Ohio adopted the law of comparative negligence in cases where the negligence of both parties contributed to proximately cause the plaintiff's injury. Therefore, in considering a motion for summary judgment in a case where the negligence of both parties contributed to proximately cause the plaintiff's injury, a court can conclude that genuine issues of fact for trial exist requiring the overruling of the motion, or that reasonable minds must conclude that one of the parties was more than 50 percent negligent as a matter of law in causing the accident and render summary judgment to such effect, or that reasonable minds must conclude from the facts shown in the record that one party is negligent and that the other party is free from negligence, and consequently, is liable for all injury proximately caused under the circumstances shown.

{¶ 4} Therefore, summary judgment was appropriate if Vogle was not negligent or if Miller's negligence exceeded any negligence of Vogle.

{¶ 5} Distilled to its essence, Miller is arguing Vogle should have seen him and therefore not have turned in front of him. On the other hand, Miller was clearly negligent for operating a go-cart after dark on a residential street with no lights on the go-cart.

{¶ 6} The go-cart was black, but had a steering wheel with some silver on it. Miller described the steering wheel as being sparkly metallic silver. Being the steering wheel on a go-cart, it was located much lower than where the headlights of a car, truck or motorcycle would be.

{¶ 7} A photo of the scene of the collision shows an overhead light at the intersection, but no street lights on Stockbridge otherwise. Thus, apparently Miller was driving his go-cart from a darkened area into the area of a lit intersection.

{¶ 8} Miller testified that he was driving his go-cart at a speed of less than 25 m.p.h. At 60 m.p.h., a vehicle travels at 88 feet per second. Miller's go-cart was apparently travelling at approximately 30 feet per second, or 10 yards per second.

{¶ 9} Miller's go-cart could very well have been difficult or even impossible to see when Vogle decided to stop before making his left turn, being 30 or more yards back from the intersection when Vogle decided to turn. The fact Miller was moving from a darker area to a lighter area would have made his go-cart even less visible. Miller had on dark clothing and was operating a black go-cart which rode only seven inches above the ground. This made visibility even more problematic.

{¶ 10} Viewing the evidence in the light most favorable to Miller, and accepting as true his deposition testimony and affidavit, we find no reasonable possibility that Vogle or his estate would be found to be liable. If some liability could be posited because Vogle turned in front of the black go-cart, Miller's negligence was clearly greater for riding after dark in dark clothes in a black go-cart with no lights.

{¶ 11} The trial court reached the correct conclusion in granting summary judgment.

{¶ 12} The assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and BROWN, J., concur.

_____